(80 South. 588)

No. 23122.

DALE v. NEW ORLEANS RY. & LIGHT CO.

(Jan. 6, 1919.)

*(Syllabus by Editorial Staff.)*

CARRIERS ☞318(8)—INJURY WHILE BOARD-
ING CAR—NEGLIGENCE—EVIDENCE.

In an action for injury alleged to have been
received through the fault and neglect of the
employés of defendant street railway company
while plaintiff was boarding a car, evidence *held*
to sustain judgment for defendant.

Appeal from Civil District Court, Parish
of Orleans; Fred D. King, Judge.

Action by James Dale against the New Or-
leans Railway & Light Company. Judg-
ment for defendant, and plaintiff appeals.
Affirmed.

A. A. Calongne and Woodville & Wood-
ville, all of New Orleans, for appellant.

Dart, Kernan & Dart, of New Orleans,
for appellee.

SOMMERVILLE, J. Plaintiff appeals
from a judgment rejecting his demand for
damages resulting to him from injuries
which he claims to have received through
the fault and neglect of defendant's em-
ployés when he was in the act of boarding a
standing car of the defendant company at
the corner of Grand Route St. John and
Savage street, in the city of New Orleans.

Defendant denied that its servants were
guilty of fault or neglect, and averred that
plaintiff himself was negligent, and that he
brought about the injury by attempting to
board a moving car.

There is a marked conflict in the testimo-
ny of the witnesses for the plaintiff and for
defendant, and the trial judge gave the
greater credence to the testimony of the wit-
nesses for the defendant.

Plaintiff testified that he and his com-
panion hailed the approaching car at the
corner of Grand Route St. John and Savage
street; that his companion boarded the car;
and that, while he (plaintiff) was in the act
of getting on, the signal to move the car was
given by the conductor; and that while
holding onto the handrail he was dragged
and injured. He is corroborated by his
companion. They were the only witnesses to
the accident, except a white man who testi-
fied that he was in the neighborhood, be-
tween 2 and 3 o'clock in the day, and that
he saw the accident. The testimony of this
last witness does not impress the court fa-
vorably, and it is quite evident that the trial
judge rejected it entirely.

The motorneer of the car positively denied
that plaintiff and his companion signaled
the car to stop at Savage street. He said
that they were on the wrong side of the
street crossing to hail or get on the car, and
that they did not hail it. The conductor
says that the car did not stop at Savage
street, and that Delille, the companion of
the plaintiff, did not board the car at that
corner. The conductor further states that
he was inside the car adjusting the screens
at the time of the accident, and did not
know anything about it until he had gone
to the rear platform, when he discovered the
plaintiff hanging onto the handrail, when he
gave the signal to stop; that plaintiff was
being dragged along by the car at that time.

The claim agent of the defendant company
arrived on the scene about five minutes after
the accident, and plaintiff and his companion
both told him that the accident happened
through plaintiff's attempting to board a
moving car; and we are constrained to be-
lieve that the accident happened in that
way, and that plaintiff was at fault, and
that the defendant was not at fault.

The judgment appealed from is affirmed,
with costs.

MONROE, C. J., not having heard the ar-
gument, takes no part.

DAWKINS, J., takes no part.